REID, Judge ad hoc.
This is a suit brought by Maryland Casualty Company against Joe Biancardi to recover the sum of $521.08 together with legal interest from date of judicial demand until paid and all costs, for premiums alleged to be owed on two certain policies of insurance. The first policy, No. 01-649329, Plaintiff’s Exhibit No. 1, covered the period from December 1, 1953 to December 1, 1954. The primary premium or estimated premium was $209 which was paid at the time. At the end of the year when the final audit was made it showed a balance due of $311.79.
The other policy, No. 01-118493, was issued to take effect December 1, 1954 and was to expire on December 1, 1955, however, on March 10, 1955 the plaintiff can-celled this policy. The advance premium or deposited premium on this policy was $210.-40. When the audit was made of this policy there was a credit due the defendant of $1.11, and the amount due on both policies was $521.08.
The defendant first filed exception to the citation and service based on the proposition that the defendant was not served with the copies of the contracts and exhibits which were attached to and made part of the original petition. He was served only with a copy of the petition and citation. The lower court overruled this exception. On December 18, 1957 the court rendered judgment by default against the defendant and in favor of the plaintiff for the amount of its claim.
On December 21, 1957 the defendant filed motion for a new trial or, in the alternative, a rehearing, and a rehearing was granted on condition that the defendant file answer to the present suit on the merits within ten judicial days from that date, which was January 15, 1958. Defendant duly filed its answer admitting the issuance of the policy No. 01-649329 and the payment of the original advance premium thereon, but denied the issuance of Policy No. 01-118493. The defendant further answered in the alternative pleading that any obligation which the plaintiff was suing for or any part thereof was extinguished by compensation and set off by an indebtedness in the amount of $427.17 being the amount of compensation paid to Orville J. Marx for injuries received while working for the defendant in Columbus, Wisconsin which amounted to $298.67, medical expenses paid on behalf of said Marx, $61 and attorneys’ fees for effecting settlement in the amount of $67.50, making the said total of $427.17. This action was based on the proposition that the defendant, through an insurance broker named Abe Snitzer of St. Louis, Missouri, contacted the Cobb-Walsh Insurance Agency, Inc. and instructed them on behalf of defendant to write the policy to cover workmen’s compensation in the State of Wisconsin. Policy No. 01-649329 was issued to cover workmen’s compensation only in the State of Louisiana. Policy No. 01-118493 was issued to cover workmen’s compensation in Louisiana and Wisconsin. Defendant further alleged that the Industrial Commission of the State of Wisconsin notified him that they had not received notice of the coverage for workmen’s compensation in the State of Wisconsin. The defendant then contacted Abe Snitzer, informing him of the notice and requested that he take care of this mat *528 ter to cover his business in Columbus, Wisconsin. Defendant further alleged that again on September 3, 1954 he contacted the Industrial Commission of Wisconsin and learned that they had not received any evidence of any coverage under the said policy. Mr. Snitzer was again contacted and he advised defendant that he was fully covered. On September 15, 1954, Orville J. Marx, an employee of defendant, during the course and scope of his employment sustained injuries at Columbus, Wisconsin and claim was filed with the Industrial Commission of Wisconsin against the defendant and the Maryland Casualty Company as his insurer. The claim was settled by the defendant and the plaintiff denied liability because the defendant’s operation in Wisconsin was not covered by plaintiff.
The defendant further claimed in recon-vention damages to his reputation and business in Columbus, Wisconsin, $5,000; damages for loss of time, inconvenience, embarrassment and humiliation, $2,500; and $1,000 attorney fees with legal interest and sought to make Cobb-Walsh Insurance Agency, Inc., a foreign corporation domiciled at St. Louis, Mo., and Abe Snitzer, a resident of St. Louis, third-party defendants, seeking judgment in solido against both petitioner and the third-party defendants for said amounts.
The case was duly tried and judgment rendered and signed on October 29, 1958, reinstating the original judgment in favor of the Maryland Casualty Company and against the defendant in the sum of $521.08, together with legal interest thereon from judicial demand and all costs.
From this judgment the defendant prosecutes- this appeal.
The defendant in its brief admits its liability in regard to the balance due as premium on Policy No. 01-649329 which policy is Plaintiff’s Exhibit No. 1. In order to get a clear picture of what happened it is necessary to go back to an earlier policy. The defendant had dealt entirely in all his insurance matters with the plaintiff through Abe Snitzer, who is a licensed broker in St. Louis. Mr. Snitzer arranged for the issuance of the policies through Cobb-Walsh Insurance Co. The plaintiff issued a standard workmen’s compensation policy, No. 01-654498, to take effect on August 27, 1953 and to expire on August 27, 1954. This policy covered only the operations in Columbus, Wis. and was in renewal of Policy No. 01-624206 and is marked Plaintiff’s Exhibit P-11. This policy was “Cancelled Flat” which is understood to mean that the defendant refused the policy. Subsequently, policy No. 01-649329 was issued by the plaintiff through the Cobb-Walsh Insurance Agency at the request of Mr. Abe Snitzer. There is no evidence in the record of any contacts between Mr. Snitzer and the plaintiff concerning the failure of the policy to include the operations in Wisconsin. The company only received notice on September 20, 1954 after Mr. Snitzer had received a letter from the Industrial Commission dated September 13, 1954, and immediately issued its endorsement effective September 20, 19S4 to cover operations in the State of Wisconsin. This, of course, was after the date of the injury to Orville J. Marx for which Maryland Casualty Company denied liability.
 The defendant in his brief raises three questions. First is the exception to the citation and service because he was not served with the copies of the attached contracts and exhibits. We think that the trial judge disposed of this very well in his written reasons. We think that this question is moot at the present time because answer has been filed and the matter tried and disposed of on the merits. We can see no benefit that could come by remanding the case to the lower court to serve copies of these documents upon defendants and going through the same trial procedure again. We further believe that the exceptions were properly overruled, because we can find nothing in the law which requires certified copies of the exhibits or annexed *529 documents to be served upon the defendant. Article 178 of the Code of Practice sets out that all that is necessary to be served is a true copy of the petition and a copy of the citation.
The next question to be passed on is whether or not Maryland Casualty Company issued or should have issued a binder to cover the operations of the defendant in the State of Wisconsin before the accident on September 15, 1954. The evidence in the record, other than the testimony of the defendant, is to the effect that Abe Snitzer was only an insurance broker and that he acted as a representative of the defendant, Joe Biancardi, in securing insurance for him with whomever he saw fit. He seems to have done business through the Cobb-Walsh Insurance Agency, Inc. which, according to the testimony in the record, was a general insurance broker licensed by the State of Missouri and neither the Cobb-Walsh Insurance Agency nor Abe Snitzer were ever licensed agents of the Maryland Casualty Company. There is no evidence in the record that the Maryland Casualty Company ever received any request from the defendant to issue either a policy covering the operations in Wisconsin or a binder to cover the operations in Wisconsin until September 20, 1954 at which time it immediately issued its coverage. It stands to reason that had the Maryland Casualty Company received any such request they would have been glad to do it because it would mean an increased premium for them. It seems to us that the sole question in the case is whether Abe Snitzer and the Cobb-Walsh Insurance Agency were acting as the agents for the plaintiff, and we are satisfied from the evidence that they were acting as agents for the defendant. Surely Mr. Snitzer, when he received the policy, would have noticed that it did not cover the defendant’s operations in Wisconsin, he being a licensed insurance broker and familiar with this type of policy. We can only assume from this that the defendant did not ask for coverage in Wisconsin until about the time of the alleged accident when he was notified by the Industrial Commission of Wisconsin that he was not covered.
The defendant further claims that he had tendered check for $210.40 to cover the advance premium on Policy No. 01-118493, being Check No. 7362 dated February 21, 1955, however, the check was not mailed until March 17, 1955 to Mr. Snitzer by the defendant’s attorney. In the meantime this policy had been cancelled on February 28, 1955 to take effect on March 10, 1955.
The court is therefore of the opinion that the original policy No. 01-649329, covered only the defendant’s operations in Louisiana up until September 20, 1954, at which time the operations, in Wisconsin were added to the coverage and that it did not cover the loss occasioned by the defendant as the result of the accident which happened on September 15, 1954 and, therefore, the defendant cannot offset or compensate plaintiff’s claim as a result of the amount he paid in settlement of this injury.
We further hold that the plaintiff issued its policy No. 01-118493, which was subsequently cancelled as of March 10, 1955, and that it had not been paid the amount of the advance premium on this policy.
This brings us to the third contention of the defendant that he is entitled to a judgment in reconvention for damages, which is an action in tort. The trial judge sustained exceptions to the introduction of any evidence in support of this claim on the ground that a liquidated claim cannot be compensated or offset with an unliquidated one. There was no service ever made on either Cobb-Walsh Insurance Agency or Abe Snitzer. The court in making its ruling commented on the fact that the defendant could bring another suit for damages if he desired.
For the foregoing reasons, it is ordered that the judgment of the lower court be affirmed at appellant’s costs.